McCORRISTON MILLER MUKAI MacKINNON LLP

LORRAINE H. AKIBA          2903-0
PAUL B.K. WONG             6014-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 529-7300
Facsimile:  (808) 524-8293
E-mail:  Akiba@m4law.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTERS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Audrey Hidano, Henry Iida, Glen Kaneshige, Thomas Toma, Elmer Cabico, Paul C.K. Chang, Ronald Taketa, Clifford Respicio, Russell Young, Mitchell Tynanes, Eric Hashizume, Lance Yoshimura; Keith Hirota and George Ehara; *Apprenticeship & Training Fund by its trustees* Dale Sakamoto-Yoneda, Conrad Murashige, Ronald Taketa, Lance Yoshimura, Dean Takahashi, Thomas Toma, Claude Matsumoto, Wil Ideue, Duke Lang, Terry Ikeda, John Bley and John Pitts; *Vacation & Holiday Fund by its trustees* Gerard Sakamoto, Paul Sasaki, Jay Kadowski, James Watanabe, Jon Tesoro, Curtis Kern, Michael Cadaoas, Alfred Dela Cruz, Lani Smithson, Paul Silen, Shayne Chung, Lance Yoshimura, Christian Tackett and Roy Morioka; *Market Recovery Program by its trustees* | CIVIL NO. CV11-00064 ACK-BMK<br><br>FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT COMMERCIAL FINISH<br><br><br><br><br><br>Hearing:<br>Date  : August 23, 2011<br>Time : 2:00 p.m.<br>Judge: Barry M. Kurren<br><br>TRIAL DATE: None |

Thalia Choy, Alan Shintani, Steven )
Hidano, Gerard Sakamoto, Mark Kapahu, )
Willie Maglinti, Leonard Hoshijo, Lance )
Yoshimura, Peter Robb, Bill Wilson, )
Lance Inouye, Craig Fukuda, Darren Ho )
and Sean Newcamp; *Financial Security* )
*Fund by its trustees* Gordon L. Scruton, )
Lance Wilhelm, Conrad Murashige, )
Kenneth Sakurai, Loyce C. Morris, )
Ronald Taketa, Kenneth Spence, Michael )
Hawes, Kealii B. Flood, Malvin Ang, )
Lance Yoshimura, Alan Shintani, Gerry )
Majkut and Mark Luna; *Drywall Training* )
*Fund by its* trustees Glenn Young, Justin )
Kichi, Myles Hokama, Clyde Takatsuki, )
Karl Sinclair, Lito Alcantra, Denis )
Mactagone, William Maglinti, Jr., )
Raynard (Shayne) Chung, Reynaldo )
Tabura, Bert Beaman, Mike Goodnight; )
*401-K Fund by its trustees* Gordon )
Scruton, Conrad Murashige, Kenneth )
Sakurai, Lance Wilhelm, Loyce C. )
Morris, Malvin Ang, Ronald Taketa, )
Lance Yoshimura, Kenneth Spence, )
Michael Hawes, Kealii B. Flood, Alan )
Shintani, Gerry Majkut and Mark Luna )
 )
                Plaintiffs, )
 )
vs. )
 )
COMMERCIAL FINISH, INC.; JOHN )
DOES 1-100; JANE DOES 1-100; DOE )
CORPORATIONS 1-100; DOE )
PARTNERSHIPS 1-100; DOE )
ENTITIES 1-100; DOE )
GOVERNMENTAL UNITS 1-100, )
 )
                Defendants. )
_____)

# FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT COMMERCIAL FINISH

On January 27, 2011, Plaintiffs, Trustees of the Hawaii Carpenters Trust Funds (hereinafter referred to as "Plaintiffs" or "Trust Funds"), by and through their attorneys, McCorriston Miller Mukai MacKinnon LLP, filed this action for damages against Defendant Commercial Finish (hereinafter "Defendant"), alleging that Defendant materially breached its collective bargaining and trust agreements (hereinafter referred to as the "CBA") entered into by Defendant and the United Brotherhood of Carpenters and Joiners of America, Local 745, AFL-CIO (hereinafter referred as the "Union").  The Trust Funds claim that Defendant failed to contribute and pay to the Trust Funds certain employee benefit contribution arising from work performed by Defendant's covered employees, which amounts should be paid to the Trust funds on or before the due dates as specified in the CBA and disclosed by an audit of Defendant's payroll records conducted in accordance with the terms of the CBA.

Jurisdiction of this Court is based on the Labor-Management Relations Act of 1947, as amended (29 U.S.C. Section 185(a)) and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C. Sections 1132 and 1145).

Service of process was made on Defendant on January 29, 2011 as is evidenced by the Return of Service filed herein on February 3, 2011. The clerk entered default against Defendant on March 1, 2011.

On July 7, 2011, the Trust Funds filed a revised motion for default judgment against Defendant, seeking to recover a money judgment for contributions owed and including liquidated damages and with additional per diem interest until satisfaction of judgment, and attorneys' fees and costs, including fees for the attendance at the hearing for the Motion for Entry of Default Judgment and finalization of the order and judgment thereafter from the Defendant, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees. The Trust Funds also sought an award of attorney's fees in accordance with the terms of the CBA and in accordance with 29 U.S.C. § 1132(g)(2)(D).

The Trust Funds' Revised Motion for Default Judgment by Court came on for hearing on August 23, 2011 before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant. Lorraine H. Akiba appeared on behalf of the Trust Funds. Defendant failed to appear and/or respond to the Trust Funds' Motion for Default Judgment.

# **FINDINGS**

Having reviewed the Trust Funds' Revised Motion for Default Judgment, the Declaration and Supplemental Declarations of Lorraine H. Akiba and Paul Marx, and the exhibits attached to the motion, on behalf of the Trust Funds, and the record established in this action, this Court finds as follows:

1.  At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 186) and a multi-employer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. § 1002).

2.  Defendant is a Hawaii corporation doing business in the State of Hawaii.

3.  On or about February 10, 2009, Defendant made, executed and delivered to the United Brotherhood of Carpenters & Joinders of America, Local 745, AFL-CIO (hereinafter referred to as the "Carpenters Union"), a certain written collective bargaining agreement, effective September 1, 2007 to and including

August 31, 2012, and amended and effective to and including December 28, 1977 entitled "Certification of Receipt and Acceptance of the Master Agreement Covering Drywall & Acoustical Workers and Lathers and Declaration of Trust Agreements Appurtenant thereto" a copy of which is attached to the Complaint filed herein as Exhibit "A" and made a part hereof by reference, by which Defendant agreed to the terms and conditions of the various Trust Agreements establishing each of Plaintiffs' trusts (the "CBA").

   4. On or about February 10, 2009, Defendant made, executed and delivered to the United Brotherhood of Carpenters & Joinders of America, Local 745, AFL-CIO (hereinafter referred to as the "Carpenters Union"), a certain written collective bargaining agreement, effective September 1, 2007 to and including August 31, 2012, and amended and effective to and including December 28, 1977 entitled "Certification of Receipt and Acceptance of the Special Residential Agreement Covering Carpenters in the State of Hawaii and Declaration of Trust Agreements Appurtenant thereto" a copy of which is attached to the Complaint filed herein as Exhibit "C" and made a part hereof by reference, by which Defendant agreed to the terms and conditions of the various Trust Agreements establishing each of Plaintiffs' trusts (the "CBA").

5. Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit trust fund contributions arising from hourly work performed by Defendant's covered employees.

6. In accordance with the terms of the CBA, Defendant promised to submit timely reports to the Trust Funds reporting hours worked by Defendant's covered employees and to permit audits of their payroll records to allow Plaintiffs to ascertain whether all contributions due had been paid.

7. In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, for each delinquency as and for liquidated damages and not as a penalty.

8. In accordance with the terms of the CBA and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to recover liquidated damages in a sum equal to 20% of delinquent trust fund contributions not received in accordance with the payment deadlines set forth in the CBA.

9. Under terms of the CBA and 29 U.S.C. § 1132 (g)(2), the Trust Funds are entitled to recover interest from Defendant at the rate of twelve percent (12%) per annum on any unpaid trust fund contributions.

10. Based on information obtained, there is now known to be due audit information for the period of January 2010 through September 2010 as follows:

    a. Payroll registers for the audit period
    b. Time cards and/or timesheets
    c. All State and Federal quarterly reports (941's, 940 & state unemployment)
    d. Individual earning records for all employees (W-2's & W-3's)
    e. All Forms 1099 & 1096 issued for the audit period
    f. Listings & classifications for all employees on the payroll
    g. All bank statements & canceled checks for all payroll and general ledger accounts maintained
    h. All check registers for all payroll and general ledger accounts maintained
    i. Union Dispatch records of all 40% apprentices for the audit period.
    j. 401(k) Fund: Contribution Worksheets completed by members
    k. General Excise/Use Tax returns.

11. Defendant's obligations to the Trust Funds to pay trust fund contributions are continuing obligations and Defendant may accrue and owe additional trust fund contributions, lost earnings, and liquidated damages.

12. Under the terms of the CBA, Defendant promised that if the Trust Funds brought legal action to enforce the agreement against Defendant, Defendant would pay all of the Trust Funds' court and audit costs and reasonable attorneys' fees.

13. Defendant breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to the Trust Funds.

14. The Trust Funds originally requested recovery from Defendant of the following amounts specified in the Complaint as follows: $35,000.00 for minimum contribution deposit amounts until completion of remaining required audits, attorneys' fees and costs until the satisfaction of judgment and such further amount that may be proven at trial or hearing on proof, pursuant to the Master Agreement Covering Carpenters in the State of Hawaii (Exhibit "D") and the Master Agreement Covering Drywall, Acoustical Workers and Lathers in the State of Hawaii (Exhibit "B") ("Collective Bargaining Agreement").

15. All three criteria from Fed. R. Civ. P. Rule 55(b)(1) are met. Computation of the amount due is certain. Section 14.9(g) of the Master Agreement[1] (Exhibit "D") requires a minimum $5,000 surety bond for each of the trust funds listed in the agreement to be posted within five working days "and for a

---

[1] Master Agreement Section 14.9(g) states:

If the delinquent contributions, liquidated damages, interest, attorney's fees, and costs due to any respective Fund are not paid within thirty calendar days after the due date, the delinquent Contractor, to secure the payment of future contributions, may be required to post with the Trustees of each respective Fund within five working days thereafter and for a period of up to one year from the date of the delinquency a surety bond or cash-in-escrow in an amount equal to the last three months contributions or five thousand dollars, whichever is greater.

period of up to one year from the date of delinquency" with the Trustees of each of the seven (7) respective trust funds.[2]

16. The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed Defendant's employees both before and after September 2010.

17. As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court. Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(1).

18. On August 23, 2011, the Supplemental Declaration of Paul Marx was filed with the Court informing the Court that the Trust Funds were recently able to obtain payroll records from Defendant and an audit was completed on July 18,

---

[2] The seven trust funds are as follows:
    1) Health and Welfare Fund (Exhibit D, Section 14.2)
    2) Vacation and Holiday Fund (Exhibit D, Section 14.3)
    3) Apprenticeship and Training Fund (Exhibit D, Section 14.4)
    4) Hawaii Carpenters Financial Security Fund (Exhibit D, Section 14.5)
    5) Hawaii Carpenters' Market Recovery Program (Exhibit D, Section 14.6)
    6) Hawaii Carpenters 401(k) Fund (Exhibit D, Section 14.7)
    7) Hawaii Carpenters' Drywall and Lather Training Fund (Exhibit B, Section 14(B))

2011. Payments were received from Defendant and a current accounting audit ledger, attached as Exhibit "A" to the Supplemental Declaration of Paul Marx, verified that the total amount of $1344.67 is now due and owing from Defendant to the Trust Funds.

19. An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

20. This Court reviewed the billing records of Plaintiffs' counsel and the declarations filed in support of Plaintiffs' motion. Upon said review, this Court finds the requested amount to be reasonable, necessarily incurred, and directly related to the services provided herein. The total attorneys' fees and costs that the Trust Funds has incurred in this lawsuit are $2,050.40.

21. Plaintiffs' counsels' billing rate for this matter was $170.00 per hour until March 2011 when the rate changed to $195. per hour per the firm's periodic billing rate adjustments. The rate charged to the Trust Funds in this case is the reduced rate charged in collection litigation matters by Plaintiffs' counsel. The fees attributed to each timekeeper are based on experience, background, and expertise, in the practice of law in Honolulu. The hourly rates are reasonable and are the prevailing market rate for professionals of similar experience and background.

# **RECOMMENDATION**

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment enter in favor of Plaintiffs Trustees of the Hawaii Carpenters Trust Funds and against Defendant for the recovery of the minimum amount of $1,344.67 for contributions owed pursuant to the CBA together with liquidated damages at the rate of twenty (20%) percent on unpaid contributions, plus interest at the rate of twelve (12%) percent until satisfaction of judgment, and attorneys' fees and costs in the amount $2,050.40, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees both before and after September 2010.

Defendant will also be required to submit the following audit information to Plaintiff for the period of January 2010 through present:

   a. Payroll registers for the audit period
   b. Time cards and/or timesheets
   c. All State and Federal quarterly reports (941's, 940 & state unemployment)
   d. Individual earning records for all employees (W-2's & W-3's)
   e. All Forms 1099 & 1096 issued for the audit period
   f. Listings & classifications for all employees on the payroll
   g. All bank statements & canceled checks for all payroll and general ledger accounts maintained
   h. All check registers for all payroll and general ledger accounts maintained
   i. Union Dispatch records of all 40% apprentices for the audit period.
   j. 401(k) Fund: Contribution Worksheets completed by members

k. General Excise/Use Tax returns.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 9, 2011.



　/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

---

*Hawaii Carpenters Trust Funds vs. Commercial Finish,* Civil No. 11-00064 ACK-BMK; FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT COMMERCIAL FINISH